1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY J. REED,                           No.  2:20-cv-2373 WBS AC

12              Plaintiff,

13         v.                                     ORDER

14    R. PEERY, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19         I.       Application to Proceed In Forma Pauperis

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                              1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3         II.    Statutory Screening of Prisoner Complaints

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16   Franklin, 745 F.2d at 1227-28 (citations omitted).

17        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28   ////

2

1    cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4    relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6    content that allows the court to draw the reasonable inference that the defendant is liable for the

7    misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

8    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12       III.    Complaint

13       The complaint names the following defendants, all of whom were officials at High Desert

14   State Prison ("HDSP") at the time of the incidents complained of: R. Peery, Associate Warden;

15   D. Clain, Correctional Captain; M. Hudson, Correctional Lieutenant; J. Hartgrove, Correctional

16   Sergeant; J. Nakken, Correctional Officer; C. Guillen, Correctional Officer; and Does 1-50.  ECF

17   No. 1 at 9-12.

18       The complaint alleges in sum as follows.  Plaintiff, who is disabled, was denied ADA

19   shower access by Officer Guillen's failure to keep a required shower log.  Plaintiff filed an inmate

20   appeal, which he dropped after being assured by "supervisor officials" that the issue would be

21   addressed.  Guillen again denied plaintiff ADA shower access on March 9, 2019, and plaintiff

22   again submitted an appeal.  During an interview regarding this appeal, plaintiff agreed to

23   withdraw it and submit a request for reasonable accommodation instead.  He filed the CDCR

24   Form 1824 challenging the failure to implement an ADA Shower Log and complaining of

25   retaliation.  Id. at 12-13.

26       On April 2, 2019, Defendant Nakken demanded to know why plaintiff was complaining

27   about Officer Guillen, then immediately went and searched plaintiff's cell and confiscated his

28   personal property.  Nakken wrote a false disciplinary report (RVR) charging plaintiff with

1  destruction of personal property.  Plaintiff reported to defendant Hartgrove that Nakken had

2  issued a retaliatory and false RVR.  Hartgrove said that he would discuss the matter with Lt.

3  Hudson, and Hudson later told plaintiff that it would be "taken care of."  Id. at 13-14.

4        On May 29, 2019, plaintiff submitted an inmate appeal challenging the false disciplinary

5  report.  It was denied, and plaintiff exhausted his administrative remedies.  Id. at 14.

6        IV.    Claims for Which a Response Will Be Required

7        Claim One alleges that defendants Guillen, Nakken, and Does 1-50 retaliated against

8  plaintiff for exercising his First Amendment right to file grievances.  ECF No. 1 at 17.  To state a

9  viable claim of First Amendment retaliation, a prison inmate must plead facts showing that (1) a

10  state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected

11  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

12  (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

13  408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  Allegation of a concrete harm

14  from the retaliatory conduct will satisfy the "chilling" requirement.  Id. at 568, n.11.

15        Plaintiff's allegations against Officer Nakken state a claim under these standards.  Nakken

16  is alleged to have taken adverse action (confiscation of property and false disciplinary charges)

17  because of plaintiff's complaints against Officer Guillen.  Nakken's alleged statements

18  immediately before conducting the search and writing the RVR are sufficient to support

19  retaliatory motive.  Liberally construed, the allegations are adequate to demonstrate the absence

20  of a legitimate correctional goal and the suffering of an injury or chilling effect.  Officer Nakken

21  will be required to respond to Claim One.

22        V.    Failure to State a Claim

23           A.  Claim One (Retaliation) Against Guillen and Doe Defendants

24        Officer Guillen is alleged to have twice impeded plaintiff's access to an ADA shower by

25  failing to keep a shower log.  There are no facts indicating that this denial of access was

26  retaliatory for a prior exercise of plaintiff's First Amendment rights.  Guillen is not alleged to

27  have participated in the subsequent search of plaintiff's cell, confiscation of his property, or

28  issuance of the false RVR.  Accordingly, even if plaintiff was retaliated against by Officer

4

1   Nakken for complaining about Office Guillen, Guillen is not herself liable for that retaliation on

2   the facts alleged.

3            There are no allegations that any yet-to-be identified officer committed specific acts of

4   retaliation, so no claim is stated against any Doe defendant.

5            B.  Claim Two (Due Process)

6            The complaint summarily asserts that the defendants deprived plaintiff of his rights

7   without due process of law.  ECF No. 1 at 17-18.  The alleged filing of a false RVR does not

8   support a due process claim.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997)

9   (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports),

10  aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450,

11  452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

12           The complaint asserts (in a section titled "Theories of Liability") that defendants Peery,

13  Clain, Hudson, Hartgrove and Does 1-50 covered up the retaliation, allowed the false disciplinary

14  report to proceed, and corrupted the truth finding process.  Id. at 16.  These acts are alleged to

15  have denied plaintiff a fair and unbiased decision-making process.  Id.  These conclusory

16  statements fail to state a claim.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

17  (conclusory allegations do not state a claim).

18           Inmates have limited due process rights in the disciplinary context.  See Wolff v.

19  McDonnell, 418 U.S. 539 (1974).  Although due process does require an unbiased decision maker

20  at a disciplinary hearing when custody credits are at stake, id. at 571, plaintiff has alleged no facts

21  demonstrating bias by a hearing officer.  To the extent that various defendants denied plaintiff's

22  appeals or grievances of the RVR, he cannot state a claim.  See Ramirez v. Galaza, 334 F.3d 850,

23  860 (9th Cir. 2003) (wrongful denial of inmate appeals does not support a constitutional claim).

24           Moreover, supervisory officers are not liable under section 1983 for the acts of their

25  subordinates.  See Iqbal, 556 U.S at 676.  Supervisory liability is limited to the defendant's own

26  acts or omissions that caused a violation of plaintiff's rights.  See Starr v. Bacca, 652 F.3d 1202,

27  1207 (9th Cir. 2011).  Here there are no affirmative allegations of wrongdoing by Peery or Clain,

28  the highest ranking defendants (other than the conclusory allegations already found insufficient).

1   Hudson and Hartgrove are more specifically alleged to have been aware of the underlying shower

2   access issue and not to have fixed it, but this does not implicate due process.  Conclusory

3   allegations about a coverup do not state a claim against any defendant.  See Ivey, 673 F.2d at 268.

4          C.  Claim Three (Americans with Disabilities Act)

5          Title II of the Americans with Disabilities Act (ADA), which applies to state prisons,

6   prohibits a public entity from discriminating against a qualified individual with a disability on the

7   basis of disability.  42 U.S.C. § 12132 (1994); Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S.

8   206, 210 (1998); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001).  To state

9   a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual

10  with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of

11  some public entity's services, programs, or activities; (3) the plaintiff was either excluded from

12  participation in or denied the benefits by the public entity; and (4) such exclusion, denial of

13  benefits or discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo County,

14  Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).  A prisoner may state a Title II claim based on "the

15  alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs

16  in such fundamentals as mobility, hygiene, medical care, and virtually all other prison

17  programs[.]"  United States v. Georgia, 546 U.S. 151, 157 (2006).

18         "To recover monetary damages under Title II of the ADA… a plaintiff must prove

19  intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260 F.3d

20  1124, 1138 (9th Cir. 2001).  Intentional discrimination is measured by the deliberate indifference

21  standard.  Id.  "Deliberate indifference requires both knowledge that a harm to a federally

22  protected right is substantially likely, and a failure to act upon that likelihood."  Id.  In order to

23  meet the second, subjective element of the deliberate indifference test, a failure to act must be the

24  result of conduct that is more than negligent and involves an element of deliberateness.  Id. at

25  1139.

26         Claim Three is stated summarily against all defendants based on all factual allegations,

27  ECF No. 1 at 18, but the only directly disability-related allegations of the Complaint involve

28  Officer Guillen's initial failure to keep a Shower Log and provide plaintiff access to the ADA

6

1    shower.  The complaint fails to allege the nature of plaintiff's disability, the shower

2    accommodations he requires, or how the failure to maintain a log resulted in plaintiff's lack of

3    access.  There are also no allegations that show subjective deliberate indifference on the part of

4    Officer Guillen.

5         In any event, the proper defendant on an ADA claim is the public entity responsible for

6    the alleged discrimination.  See United States v. Georgia, 546 U.S. at 153.  Because a suit against

7    an individual in his official capacity is the equivalent of a suit against entity, Becker v. Oregon,

8    170 F. Supp. 2d 1061, 1066 (D. Or. 2001), any ADA claim must be stated only against the

9    appropriate official in his official capacity.

10       VI.      Leave to Amend

11         For the reasons set forth above, the court finds that the complaint does not state

12    cognizable due process or ADA claims, or a claim for retaliation against any defendant other than

13    Nakken.  However, it is possible that plaintiff may be able to allege facts to remedy this and he

14    will be given the opportunity to amend the complaint if he desires.

15         Plaintiff may proceed forthwith to serve defendant Nakken on his claim of retaliation for

16    the exercise of First Amendment rights, or he may delay serving any defendant and amend the

17    complaint.

18         Plaintiff will be required to complete and return the attached notice advising the court how

19    he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

20    file an amended complaint.  If plaintiff elects to proceed on Claim One (Retaliation) against

21    defendant Nakken only, without amending the complaint, the court will proceed to serve the

22    complaint.  A decision to go forward without amending the complaint will be considered a

23    voluntarily dismissal without prejudice of Claims Two and Three and all defendants other than

24    Nakken.

25         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

26    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

27    423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

28    defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

1   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

2   connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

3   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

4   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

5   268 (9th Cir. 1982) (citations omitted).

6          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

7   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

8   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

9   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

10  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

11  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

12  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

13  the original complaint no longer serves any function in the case.  Therefore, in an amended

14  complaint, as in an original complaint, each claim and the involvement of each defendant must be

15  sufficiently alleged.

16       VII.    Plain Language Summary of this Order for a Pro Se Litigant

17          Your request to proceed in forma pauperis is granted and you are not required to pay the

18  entire filing fee immediately.

19          Some of the allegations in the complaint state claims against the defendants and some do

20  not.  The facts you have provided do state a First Amendment retaliation claim against Officer

21  Nakken.  The court is prepared to order service of the complaint on Officer Nakken as to Claim

22  One.

23          Because the facts you allege do not show that any other defendant took adverse action

24  against you because of your complaints against Officer Guillen, you have not stated a First

25  Amendment retaliation claim against any other defendant.

26          Claim Two does not state a claim for relief because neither a false RVR nor wrongful

27  denial of inmate appeals support a due process claim.

28  ////

1    Claim Three does not state a claim because you have not provided enough information

2    about your disability, your need for accommodation, how Officer Guillen (or others) failed to

3    accommodate you or discriminated against you, or the circumstances that show you were treated

4    with deliberate indifference to your rights.  If you choose to amend your ADA claim, the prison

5    itself—or the warden or other official in his official capacity—is the appropriate defendant for

6    that claim.  (That person would not be the appropriate defendant on any other claim, because

7    Section 1983 unlike the ADA creates individual liability only for the officers who personally

8    violate your rights.)

9    You have a choice to make.  You may either (1) proceed immediately on Claim One (First

10   Amendment retaliation) against J. Nakken and voluntarily dismiss the other claims and

11   defendants, or (2) try to amend the complaint.  If you want to go forward without amending the

12   complaint, you will be voluntarily dismissing without prejudice Claims Two and Three and all

13   defendants other than Nakken.  If you choose to amend your complaint, the amended complaint

14   must include all of the claims you want to make, including the ones that have already been found

15   to state a claim, because the court will not look at the claims or information in the original

16   complaint.  **Any claims not in the amended complaint will not be considered.**  You must

17   complete the attached notification showing what you want to do and return it to the court.  Once

18   the court receives the notice, it will issue an order telling you what you need to do next (i.e. file

19   an amended complaint or wait for defendants to be served).

20                                                   CONCLUSION

21   In accordance with the above, IT IS HEREBY ORDERED that:

22        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

23        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26   Director of the California Department of Corrections and Rehabilitation filed concurrently

27   herewith.

28   ////

1       3.  Claims Two and Three, as well as Claim One to the extent it is stated against

2   defendants other than J. Nakken, do not state claims for which relief can be granted.

3       4.  Plaintiff has the option to proceed immediately on his First Amendment retaliation

4   claim (Claim One) against defendant J. Nakken only, as set forth in Section IV above, or to

5   amend the complaint.

6       5.  Within fourteen days of service of this order, plaintiff shall complete and return the

7   attached form notifying the court whether he wants to proceed on the screened complaint or

8   whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

9   will assume that he is choosing to proceed on the complaint as screened and will recommend

10  dismissal without prejudice of Claims Two and Three and all defendants other than J. Nakken.

11  DATED: December 28, 2021

12

_____

ALLISON CLAIRE

13  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY J. REED,                           No.  2:20-cv-2373 WBS AC

12                Plaintiff,

13        v.                                     PLAINTIFF'S NOTICE ON HOW TO
                                                 PROCEED
14   R. PEERY, et al.,

15                Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on Claim One (First Amendment retaliation)

19        against defendant J. Nakken without amending the complaint.  Plaintiff understands that

20        by going forward without amending the complaint he is voluntarily dismissing without

21        prejudice Claims Two and Three and all defendants other than J. Nakken.

22

23   _____ Plaintiff wants to amend the complaint.

24

25   DATED:_____

26                                         _____
                                           ANTHONY J. REED
27                                         Plaintiff pro se

28

                                           1