UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. REED, | No. 2:20-cv-2373 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| R. PEERY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is a late-filed letter from Plaintiff requesting that he be permitted to file an amended complaint. See ECF No. 10 at 1. The letter also requests the appointment of counsel. See id. at 1-2.

The Court construes the letter as a motion to amend the complaint and a motion for the appointment of counsel. For the reasons stated below, Plaintiff's motion to amend will be granted, and the pending findings and recommendations which request the dismissal of certain claims and defendants (see ECF No. 9) will be vacated. In addition, Plaintiff's motion for the appointment of counsel will be denied.

////

1

I. MOTION TO AMEND THE COMPLAINT

On December 29, 2021, the Court screened Plaintiff's complaint. ECF No. 6. At that time, Plaintiff was given the option of either proceeding on the cognizable claims and dismissing those that were not cognizable as well as related defendants or of amending the complaint. See id. at 7-11. He was given fourteen days to inform the Court of his choice. See id. at 10.

On January 27, 2021, because Plaintiff had not filed notice on how he wished to proceed, the Court recommended that certain claims and defendants be dismissed from this action. See ECF No. 9. That order is currently pending review by the District Court Judge assigned to this action.

On February 4, 2022, Plaintiff filed the instant motion. See ECF No. 10. In it, Plaintiff requests that he be granted the opportunity to amend the complaint, and he asks for sixty days within which to do so.[1] See id. at 1.

Plaintiff's motion will be granted. As a result, the findings and recommendations currently pending (see ECF No. 9) will be vacated.

II. MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff has also requested the appointment of counsel. See ECF No. 10 at 1-2. In support of the request, he states that he is barely able to access the law library and that he does not have the legal knowledge to tackle all the responses that will be necessary to permit him to prevail in this matter. See id. at 1. Plaintiff also states that he has had the COVID-19 virus and that at sixty years old, his preexisting conditions make him a high-risk candidate for side effects from the COVID-19 vaccinations. See id. at 1-2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

---

[1] The motion also states that Plaintiff intends to "leave it to the court's discretion whether to serve [one of the defendants] now or after [he] files his First Amended Complaint." See ECF No. 10 at 1 (brackets added). Plaintiff is informed that after the First Amended Complaint is screened and all cognizable claims therein are identified, all viable defendants that remain will be served at the same time.

2

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      The test for exceptional circumstances requires a court to evaluate a plaintiff's likelihood of success on the merits and the ability of a plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

      A review of Plaintiff's complaint as well as of the instant motion indicates that he has an adequate understanding of the claims at issue in this case as well as of the steps he needs to take to move this matter forward.  <u>See</u> <u>generally</u> ECF Nos. 1, 10.  Moreover, Plaintiff has neither stated nor provided supporting documentation that having contracted the COVID-19 virus in the past affects his ability to prosecute this case at this time.  <u>See</u> <u>generally</u> ECF No. 10.  For these reasons, the Court does not find the required exceptional circumstances.

      Accordingly, IT IS HEREBY ORDERED that:

      1.  The currently pending findings and recommendations issued January 27, 2022 (ECF No. 9), are VACATED;

      2.  Plaintiff's motion at ECF No. 10 is GRANTED IN PART and DENIED IN PART as follows:

          a.  The request to file an amended complaint is GRANTED; and

          b.  The request for appointment of counsel is DENIED.

      3.  Within sixty days of the date of this order, Plaintiff must file a First Amended Complaint.  Plaintiff is informed that failure to comply with this order within the time allotted will result in the issuance of findings and recommendations similar to the ones that have been vacated herein.

DATED: February 10, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE