**FILED**

Anthony J. Reed   CDCR# P-75134
Salinas Valley State Prison A2-101
PO BOX 1050   Soledad, CA   93960

MAR 18 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. REED,<br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>K. ALLISON,<br>R. PEERY,<br>D. CLAIN,<br>M. HUDSON,<br>J. HARTGROVE,<br>J. NAKKEN,<br>C. GUILLEN,<br>DOES 1-10,<br>Defendants. | No.2:20-cv-2373 WBS AC<br><br>FIRST AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>42 U.S.C. § 1983 |

## I. INTRODUCTION

This is a civil rights complaint for declaratory, injunctive relief with compen-
satory and punitive damages also being sought as well.  Plaintiff Anthony J.
Reed (Plaintiff) alleges herein a violation of his rights under the First Amend-
ment to the United States Constitution as well as a direct and intentional
violation of his rights under the Americans with Disabilities Act of 1990,
42 U.S.C. § 12101 et seq. (ADA).  The defendants in this case purposefully
and intentionally denied Plaintiff access to an ADA shower when he requested

1/12

access due to incontinence issues.  When Plaintiff sought relief through the grievance and disability accomodation processes, he was intimidated into dropping his relief requests and then, when he persisted to seek relief, he was retaliated against.

## II. JURISDICTION AND VENUE

1.      This is a civil rights action to prevent and protect against, and to seek compensation for, the deprivation under color of state law of rights, privileges, and immunities guaranteed by the First Amendment to the United Strates Constitution and under the Americans with Disabilities Act.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2.      This Court has jurisdiction over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as Rule 57 of the Federal Rules of Civil Procedure.

3.      Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 and 2284, as well as Rule 65 of the Federal Rules of Civil Procedure.

4.      Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred at High Desert State Prison in Susanville, Lassen County, California, which is within the  Eastern District of California.

1

2

### III. PARTIES

3

4     5.      Plaintiff Anthony J. Reed is and was at all times mentioned herein
a prisoner of the State of California in the custody and control of the Calif-

5     ornia Department of Corrections and Rehabilitation (CDCR).  Plaintiff is current-

6     ly confined at Salinas Valley State Prison.

7

8     6.      Defendant California Department of Corrections and Rehabilitation

9     and its Secretary, K. Allison, are responsible for all CDCR staff members and
their actions related to the provision of accommodations to disabled inmates

10    and are thus liable under federal law.

11

12

13    7.      Defendant R. Peery was at all times mentioned in this complaint

14    an Associate Warden at High Desert State Prison.  As such, he was responsible

15    for the day to day operations of Facility A, including the supervision of corr-

16    ectional officers under his immediate direction.  Further, as Associate Warden,

17    Defendant Peery was the Chief Disciplinary Officer (CDO) for all disciplinary

18    reports issued on Facility A.  Defendant Peery is believed to be intimately

19    aware of and directly responsible for approving the false disciplinary reports

20    issued to Plaintiff by Defendant Nakken, which was all in the furtherance of

21    a plan to retaliate against the Plaintiff for seeking relief from the denial

22    of access to an ADA shower when requested due to incontinence issues.

23

24

25    8.      Defendant D. Clain was at all times mentioned in this complaint

26    a Correctional Captain employed at High Desert State Prison.  As such, she

27    was responsible for the day to day operations of the separate buildings within

28    Facility A at High Desert State Prison.  Defendant Clain is believed to be

1  intimately aware and directly responsible for allowing the false disciplinary
2  report to proceed through the disciplinary process and she incentivized her
3  subordinate's activities to intimidate and retaliate against Plaintiff for
4  seeking relief from the denial of access to an ADA shower when requested due
5  to incontinence issues.

7      9.     Defendant M. Hudson was at all times mentioned in this complaint
8  a Correctional Lieutenant assigned to Facility A at High Desert State Prison.
9  As such, he is responsible for ensuring compliance with CDCR policy and staff
10 compliance with procedures which provide that Plaintiff be afforded access
11 to an ADA shower  when requested for incontinence issues.  Defendant Hudson
12 is believed to be intimately aware and directly responsible for the actions
13 by his subordinates to retaliate against plaintiff including the illegal seizure
14 of personal property and the continued denial of access to an ADA shower when
15 requested due to incontinence issues.
16

18     10.     Defendant J. Hargrove was at all times mentioned in this complaint
19 a Correctional Sergeant assigned to Facility A at High Desert State Prison.
20 As such, he was a direct supervisor who directed his subordinate staff to act
21 against Plaintiff in an intimidating and retaliatory manner.  Defendant Hartgrove
22 was intimately aware  and directly responsible for all intimidational and
23 retaliatory actions taken by his subordiante staff on Facility A at High Desert
24 State Prison against Plaintiff for seeking relief from the denial of access
25 to an ADA shower when requested due to incontinence issues.
26

27     11.     Defendant C. Guillen was at all times mentioned in this complaint
28 a Correctional Officer assigned to Facility A at High Desert State Prison.

As such, she was directly responsible for releasing Plaintiff from his cell to use the ADA shower when he requested to do so due to incontinence issues. Defendant Guillen acted in concert with other defendants in the denial of ADA shower  access and other retaliatory actions taken against Plaintiff for seeking relief from her's and other Doe 1-10 officers actions to deny Plaintiff's access to an ADA shower  when requested due to incontinence issues.

12.     Defendant J. Nakken was at all times mentioned in this complaint a Correctional Officer assigned to Facility A at High Desert State Prison. As such, he was directly in charge of Plaintiff's cell and programming oppor- tunities in his building on Facility A at High Desert State Prison.  Defendant Nakken acted independently and in concert with others to initiate and perpetuate retaliatory actions against Plaintiff at the direction of his superior at High Desert State Prison.  Defendant Nakken was intimately aware and responsible for the retaliatory acts mentioned in this complaint including the illegal seizure of personal property, and the continued denial of an ADA shower when requested due to incontinence issues.

13.     Does 1-10 are unidentified defendants who are responsible for and liable for the retaliatory actions taken against plaintiff for seeking relief from the denial of access to an ADA shower when requested due to incon- tinence issues.

14.     At all times relevant to this complaint, Defendants, each and all of them, were acting under color of state law.

15.     All defendants in this complaint are sued in their individual and official capacities except for the CDCR and K. Allison who are sued in their official capacity only.


## IV. FACTUAL ALLEGATIONS


16.     Plaintiff is and was, at all relevant times mentioned in this complaint, an individual with a disability and had a specific need to access an ADA shower due to ongoing incontinence issues.  The Defendants, each and all of them, had no legitimate penological interest to deny Plaintiff access to the ADA shower nor was their an actual cause that the ADA shower was un-available.


17.     After experiencing difficulty accessing the ADA shower in early 2019 due to Defendant Guillen's failure to open Plaintiff's cell and let him use the ADA shower  when he requested to do so because of his ongoing incontin-ence issues, he began the process of informal and formal remedies available to him.


18.     Plaintiff intially filed a 602 Inmate appeal and after discussing the issue with Defendant Guillen's supervisors listed herein as Does 1-10, and after being assured that the issue would be addressed by the aforementioned supervisory officials, Plaintiff agreed to withdraw his Inmate Appeal.


19.     After the issue continued to occur over and over again, Plaintiff submitted another Inmate Appeal against Defendant Guillen who was continuing

to deny Plaintiff his access to an ADA shower when requested due to incontinence issues.

20.    On March 22, 2019, Plaintiff was interviewed by Capt. J. Sieburg, (A), in regards to his Inmate Appeal Log# HDSP-A-19-01031.  During the interview, Plaintiff agreed to withdraw his Inmate Appeal, and instead submit a CDCR 1824 Reasonable Accommodation Request  Form on the issue.

21.    On March 28, 2019, Plaintiff submitted a CDCR 1824 Reasonable Accommodation Request Form challenging the failure to allow Plaintiff to use the ADA shower when he requested to do so based on his ongoing incontinence issues.  Plaintiff also raised the issue that he was being retaliated against through the ongoing denials of access to the ADA shower  because he was filing grievances against staff for the shower access denials.  This CDCR 1824 Reasonable Accommodation Request was logged as Log# HDSP-A-19-01204.

22.    On April 2, 2019, Plaintiff was confronted by Defendant Nakken and questioned "Why was he [Plaintiff] filing 602s and an 1824 against Officer Guillen?"  Plaintiff responded "That's between me and her," and walked away from Defendant Nakken.  Subsequently, Defendant Nakken immediately went and searched Plaintiff's assigned cell and confiscated Plaintiff's Super 3 Radio, and CD player, and then altered the aforementioned personal property, and wrote Plaintiff a CDCR-115 Rules Violation Report (RVR) in Log# 6790250 dated April 2, 2019, for Damage of Personal Property Valued Less Than $400.

23.    Following this, Plaintiff informed Defendant Hargrove of the retaliatory search mentioned above in Paragraph 22, the false disciplinary

report, as well as Defendant Nakken's statements to Plaintiff about his dis-
pleasure with Plaintiff's having filed Inmate Appeals against Defendant Guillen
prior to the search and confiscation of Plaintiff's personal property, the
alteration by Defendant Nakken thereof, and the resultant Rules Violation Report.
Defendant Hartgrove assured Plaintiff that he would "discuss everything with
Lieutenent Hudson."

24.     Within a week after the conversation described above in Paragraph
23, Plaintiff confronted Defendant Hudson and explained the issues to him exactly
as he had done with Defendant Hartgrove.  Defendant Hudson told Plaintiff "I'm
aware of it.  Don't worry about it.  It will be taken care of."

## V. EXHAUSTION OF LEGAL REMEDIES

25.     Plaintiff has exhausted all available administrative remedies
as required under 42 U.S.C. § 1997(e)(a) prior to filing this complaint.

26.     On March 28, 2019, Plaintiff raised his ADA, retaliation, and
harassment claims in a CDCR 1824 Reasonable Accommodation Request Form in Log#
HDSP-A-19-01204.  Because Plaintiff's issue did not involve a medical diagnosis
or treatment decision, the institutional decision was the final level of review
on Plaintiff's ADA CDCR 1824 Reasonable Accommodation Request.

# VI. LEGAL CLAIMS

## FIRST CAUSE OF ACTION

27. Plaintiff realleges and incorporates by reference paragraphs 1-26 above.

28. Defendants Guillen, Nakken, Hartgrove, Hudson, Clain, and Peery, as well as the as yet unidentified Does 1-10, conspired to and actually did retaliate against Plaintiff for filing Inmate Appeals and a CDCR 1824 Reasonable Accommodation Request Form against Defendant Guillen as a method of punishing Plaintiff for engaging in such protected conduct.

29. Defendants Guillen, Nakken, Hartgrove, Hudson, Clain, and Peery, as well as the as yet unidentified Does 1-10, engaged in conduct calcualted to, and which did, cause Plaintiff mental and emotional anguish, with the intention of causing such distress, and/or with a willful, intentional, and reckless disregard of Plaintiff's well-being, whose well-being they were responsible for.

30. The acts and/or omissions by Defendants Guillen, Nakken, Hartgrove, Hudson, Clain, Peery, as well as Does 1-10, which relate to the retaliation component of the First Cause of Action were willful and intentional and were done with an evil intent as evidenced by the operative "Code of Silence" to cover-up the obvious deprivation of the federally required access to the ADA shower when requested due to ongoing incontinence issues with the Plaintiff.

9/12

31.     Defendants Guillen, Nakken, Hartgrove, Hudson, Clain, and Peery, as well as the as yet unidentified Does 1-10, acted wilfully, intentionally, and deliberately, without penological justification and with reckless disregard for the Plaintiff's Constitutional Rights.

32.     As a proximate result of Defendants Guillen, Nakken, Hartgrove, Hudson, Clain, Peery's, as well as Does 1-10's acts and omissions, Plaintiff suffered injury, pain, and a loss of rights guaranteed by the United States Constitution.

33.     By knowingly confiscating, altering, and withholding Plaintiff's personal property and issuing him a false disciplinary report to punish Plaintiff for filing administrative grievances, and a CDCR 1824 Reasonable Accomodation Request Form, Defendant Nakken specifically retaliated against plaintiff and he did so wilfully, intentionally, and deliberately with an evil intent.

SECOND CAUSE OF ACTION

34.     Plaintiff realleges and incorporates by reference paragraphs 1-33 above.

35.     The Defendants, each and all of them deprived plaintiff of access to an ADA shower when requested due to his ongoing incontinence issues and they did so without any legitimate penological interest or actual cause to prevent such requested access other than because of retaliation with deliberate indifference to Plaintiff's needs and with evil intent.

10/12

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff humbly prays for the following relief:

1.      For General Damages against Defendants, each and all of them as determined by the Court, and in an amount according to proof;

2.      For Punitive Damages against Defendants Guillen, Nakken, Hartgrove, Hudson, Clain, Peery, as well as Does 1-10, in an amount according to proof;

3.      For a declaration that the acts and omissions described in this complaint violated Plaintiff's rights under the Constitution and laws of the United States.

4.      A preliminary and permanent injunction prohibiting Defendants from ever denying Plaintiff an ADA shower when requested due to his ongoing incontinence issues.

5.      A preliminary and permanent injunction prohibiting the CDCR from placing Plaintiff at High Desert State Prison nor placing him under the direct supervision and control of Defendants Guillen, Nakken, Hartgrove, Hudson, Clain, Peery, or Does 1-10 ( as indentified ).

6.      For costs and reasonable attorney fees pursuant to 42 U.S.C. §1988;

7.      For other such relief as this Court deems just and proper.

1

2

#### VIII. JURY DEMAND

3   Plaintiff does hereby demand a trial by jury.

4

5

6

#### IX. VERIFICATION

7

8   I hereby verify that the matters alleged herein are true and correct based on

9   my personal knowledge, except for those matters alleged on information and

10  belief, and I believe those to be true.  I declare under penalty of perjury

11  under the laws of the United States that the foregoing is true and correct.

12  Executed this 15th Day of March, 2022 at Salinas Valley State Prison in Soledad,

13  Monterey County, California.

14

15

16  Respectfully Submitted,

17

18

19  Anthony J. Reed
    Plaintiff Pro se

20

21

22

23

24

25

26

27

28