UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. REED,<br><br>             Plaintiff,<br><br>     v.<br><br>R. PEERY, et al.,<br><br>             Defendants. | No.  2:20-cv-2373 WBS AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983 and the Americans with Disabilities Act.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's first amended complaint ("FAC").  ECF No. 13.  For the reasons stated below, plaintiff will be given a final opportunity either to amend the complaint or to proceed on the single cognizable claim identified below.

I.    FIRST AMENDED COMPLAINT

Plaintiff, an inmate who is currently housed at Salinas Valley State Prison ("SVSP"), seeks relief for events that took place when he was incarcerated at Mule Creek State Prison ("MCSP").  ECF No. 13 at 1-2.  He names the following individuals as defendants: K. Allison, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); Associate

1

Warden R. Peery; Correctional Captain D. Clain; Correctional Lieutenant M. Hudson; Correctional Sergeant J. Hartgrove; Correctional Officer C. Guillen; Correctional Officer J. Nakken and Does 1-10.  Id. at 1, 3-5.

The complaint alleges in sum as follows.  Plaintiff is a disabled person who experiences incontinence and therefore requires frequent access to an ADA shower. ECF No. 13 at 6.  In early 2019 Officer Guillen repeatedly refused to let plaintiff use the ADA shower.  Plaintiff filed an inmate appeal, which he dropped after being assured by supervisory officials that the issue would be addressed.  Guillen continued to deny plaintiff ADA shower access, and plaintiff again submitted an appeal.  During an interview regarding this appeal, plaintiff agreed to withdraw it and submit a request for reasonable accommodation instead.  He filed a CDCR Form 1824 challenging the failure to provide necessary shower access and complaining of retaliation.  Id. at 6-7.

On April 2, 2019, Defendant Nakken demanded to know why plaintiff was complaining about Officer Guillen, then immediately went and searched plaintiff's cell and confiscated his personal property.  Nakken wrote a false disciplinary report (RVR) charging plaintiff with destruction of personal property.  Plaintiff reported to defendant Hartgrove that Nakken had issued a retaliatory and false RVR.  Hartgrove said that he would discuss the matter with Lt. Hudson, and Hudson later told plaintiff that it would be "taken care of."  Id. at 7-8.

The FAC presents two putative causes of action.[1]  The first claims that defendants retaliated against plaintiff for filing inmate appeals against Officer Guillen and a CDCR 1824 reasonable accommodation request form. ECF No. 13 at 9-10.  The second claims that defendants deprived plaintiff of access to an ADA-compliant shower "without any legitimate penological interest or actual cause to prevent such requested access" and did so "because of retaliation with deliberate indifference to Plaintiff's needs and with evil intent."  Id. at 10. Because the FAC opens with the assertion that plaintiff seeks redress for violation of his rights

---

[1] Plaintiff has dropped his putative due process claim based on the allegedly false RVR and ensuing disciplinary process.  He had been informed on screening of the initial complaint that his allegations about the RVR and disciplinary process did not support a claim for relief on due process grounds.  See ECF No. 6 at 5-6.

2

under the First Amendment and under the Americans with Disabilities Act, id. at 1, the court construes the FAC's first cause of action as a First Amendment retaliation claim under § 1983 and the second as a claim under Title II of the ADA.  See ECF No. 1 at 18 (initial complaint expressly presenting ADA claim), ECF No. 6 at 6-7 (screening order explaining requirements for claim under Title II of the ADA).

## II.   DISCUSSION

### A.   Claim for Which a Response Will Be Required

Claim One alleges that defendants Guillen, Nakken, Hartgrove, Hudson, Clain, Peery, and Does 1-50 retaliated against plaintiff for exercising his First Amendment right to file grievances. ECF No. 1 at 17.  To state a viable claim of First Amendment retaliation, a prison inmate must plead facts showing that (1) a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  Allegation of a concrete harm from the retaliatory conduct will satisfy the "chilling" requirement. Id. at 568, n.11.

Plaintiff's allegations against Officer Nakken state a claim under these standards.  Nakken is alleged to have taken adverse action (confiscation of property and false disciplinary charges) because of plaintiff's complaints against Officer Guillen.  Nakken's alleged statements immediately before conducting the search and writing the RVR are sufficient to support retaliatory motive.  Liberally construed, the allegations are adequate to demonstrate the absence of a legitimate correctional goal and the suffering of an injury or chilling effect.  Officer Nakken will be required to respond to Claim One.

### B.   Failure to State a Claim

#### 1.   Claim One: Retaliation by Other Defendants

The FAC does not include facts showing that any defendant other than Officer Nakken was motivated by retaliatory intent.  Conclusory allegations are insufficient, Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992), and the mere fact that other defendants knew about plaintiff's

3

complaints does not support an inference that whatever they did or failed to do regarding plaintiff's shower access or disciplinary proceeding was done in order to punish him for complaining. As plaintiff has previously been informed, see ECF No. 6, a First Amendment retaliation claim requires facts as to each defendant individually that show a retaliatory motivation for the adverse actions taken by that person. Plaintiff will be given a final opportunity to amend in order add such facts, if they exist.

Plaintiff is reminded that supervisors are not liable under § 1983 for the actions of their subordinates. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Generally speaking, every government official is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Accordingly, plaintiff should only name supervisors as defendants on his retaliation claim if they personally participated in retaliatory acts (including by failing to prevent further retaliation that they were aware of), with their own retaliatory intent.

### 2. Claim Two: Americans with Disabilities Act

The FAC's second cause of action does not specify its legal basis, see ECF No. 13 at 10, but the court interprets it as a claim under Title II of the ADA for the reasons stated above.[2] Plaintiff's intent to state an ADA claim is plain from the first page of the FAC. ECF No. 13 at 1. Plaintiff was previously informed that the proper defendant for a Title II claim is the public entity responsible for the discrimination, and that plaintiff therefore should state any ADA claim only against the appropriate official in his or her official capacity. ECF No. 6 at 7. The FAC specifies that defendants CDCR and K. Allison, the Secretary of CDCR, are sued in their official capacities only. ECF No. 13 at 6. The court accordingly construes this claim as being brought against CDCR, the entity, and its present Secretary in that person's official capacity.[3] This appears for screening purposes to be appropriate.

////

---

[2] If this was not plaintiff's intent, he should clarify on amendment.
[3] If plaintiff intended something different, he should clarify this on amendment.

4

1    However, as plaintiff was previously informed, a viable claim requires the pleading of
2 facts showing that prison officials intentionally discriminated or were deliberately indifferent to
3 plaintiff's accommodation needs and his rights as a disabled inmate. Id. "Deliberate indifference
4 requires both knowledge that a harm to a federally protected right is substantially likely, and a
5 failure to act upon that likelihood." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir.
6 2001). Plaintiff's conclusory allegations that defendants collectively denied his requests for
7 accommodation without justification, and with deliberate indifference and evil intent, are
8 insufficient to state a claim. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d
9 266, 268 (9th Cir. 1982) (vague or conclusory allegations will not support a cause of action). To
10 under the ADA, plaintiff must present facts demonstrating that the individuals who denied and/or
11 failed to ensure his increased access to the ADA shower knew that a harm to plaintiff's federally
12 protected right was substantially likely to result. The allegations of the FAC do no more than
13 establish the knowledge of various defendants that plaintiff wanted more frequent access to the
14 ADA shower. Despite the court's previous instructions, the FAC does not provide any detail
15 about the specific shower access plaintiff required, the shower or other bathing access he was
16 provided during the relevant period, or facts showing that any defendant acted with deliberate
17 indifference or intent to discriminate.
18    Plaintiff will be provided a final opportunity to amend.
19    III.   OPTIONAL LEAVE TO AMEND
20    As stated above, the only cognizable claim in the FAC is a First Amendment retaliation
21 claim against defendant Nakken. Plaintiff may either proceed with that claim, or he may choose
22 to amend the complaint a final time. He will be required to inform the court of his decision by
23 filling out the attached notice on how to proceed form. He will be given fourteen days to do so.
24    If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
25 about which he complains resulted in a deprivation of his constitutional rights. See generally
26 Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms
27 how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355
28 (9th Cir. 1981). There can be no liability under 42 U.S.C. 1983 unless there is some affirmative

link or connection between a defendant's actions and the claimed deprivation.  Id.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Like your original complaint, the FAC states a First Amendment retaliation claim against Officer Nakken.  It does not include facts that state any other claim against any other defendant.  You may choose to proceed on Claim One against Officer Nakken only, or you may choose to amend one last time.  If you amend, your retaliation claim needs to include *facts* showing that other defendants took actions against you *because of* your inmate appeals and accommodation request.

If you amend, you should also clarify that your second cause of action is an ADA claim brought against CDCR and the Secretary.  It must include *facts* showing that the people who denied your shower accommodations did so with an intent to discriminate based on your disability or deliberate indifference to your rights as a disabled person.  This includes details about your needs related to the shower, the other hygiene options available to you, and the things that defendants said or did showing that they knew your rights were being violated and did not care.

You have fourteen days to let the court know whether you would like to amend the complaint or proceed only on the First Amendment retaliation claim against defendant Nakken.  If you do not return the attached notice within the time allotted, the court will recommend that all

6

other claims and defendants be dismissed.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The court has screened the First Amended Complaint and finds that it states a claim for relief against J. Nakken for retaliation in violation of plaintiff's First Amendment rights, and does not state any other claim against any defendant.

   2. Plaintiff has the options of either (1) proceeding immediately on his First Amendment retaliation claim (Claim One) against defendant J. Nakken only, or (2) amending the complaint.

   3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the complaint as screened or file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of Claim Two, as well as of all defendants other than J. Nakken.

DATED: May 16, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY J. REED, | No. 2:20-cv-2373 WBS AC P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| R. PEERY, et al., | |
| Defendants. | |

<u>CHECK ONE</u>:

_____  Plaintiff would like to proceed immediately on his First Amendment retaliation claim against defendant J. Nakken.  Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing defendants D. Clain, M. Hudson, J. Hartgrove, C. Guillen, K. Allison and the CDCR from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____  Plaintiff would like to amend the complaint.

DATED: _____

                                                          ANTHONY J. REED
                                                          Plaintiff Pro Se

1